IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARVIN L. NIES,

        Plaintiff,

   v.

BRIAN DICIANO, TEMO GONZALEZ, D&G FARMS, and DOES 1-10,

        Defendants.

CIV-S-03-1991 DFL GGH

MEMORANDUM OF OPINION AND ORDER

Plaintiff Martin Nies seeks enforcement of a settlement agreement and to recover $3,000 in sanctions against defendants Brian DiCiano and Temo Gonzalez (collectively "defendants"). For the reasons set forth below, the court holds that defendants are jointly and severally liable to pay Nies $15,000 and awards Nies $2,500 in sanctions against Gonzalez.

I.

This action arises out of the alleged improper use of a patented tree. On August 3, 2005, after months of negotiations between the parties, defendants' counsel contacted Nies's counsel

1

and offered to settle the case for $15,000.  (Pl.'s Mot. at 2.)  Plaintiff accepted the offer.  (Id.)  However, defendants refused to execute the written settlement agreement.  (Id.)

Nies contends that the agreement is binding on defendants because: (1) DiCiano admitted that defendants authorized their attorney to offer to settle the matter for $15,000 under the terms contained in the written agreement; and (2) DiCiano contacted Nies's counsel and informed her that "he was agreeable to the settlement."  (Mendoza Decl. ¶ 14.)

At oral argument, the court heard sworn testimony from DiCiano.  DiCiano stated that after conferring with Gonzalez and receiving Gonzalez's approval, he authorized defendants' counsel to make the settlement offer.  He also stated that he had offered to pay Nies half of the settlement amount.  Although Gonzalez received notice of the court's warning that his failure to appear at the hearing or oppose the motion could result in an award of sanctions against him, Gonzalez did not oppose the motion or appear at the hearing.

II.

A.   Motion to Enforce Settlement

"It is well settled that a District Court has the equitable power to enforce summarily an agreement to settle a case pending before it."  Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987).  However, courts can only enforce agreements that have no disputed terms.  Id.  In addition, if an attorney agrees to a settlement on behalf of a client, the agreement is only binding on the

2

client if the attorney had the client's express permission to enter into the agreement. Harrop v. Western Airlines, Inc., 550 F.2d 1143, 1144-45 (9th Cir. 1977) (citations omitted).

No party contests the existence or terms of the settlement agreement. In addition, the court has received sworn testimony indicating that defendants' counsel was authorized to make the settlement offer. The court finds that Diciano expressly authorized the settlement on his own behalf, on behalf of the partnership, and on Gonzalez's specific authorization. Accordingly, the settlement agreement will be enforced.

B.   Liability

DiCiano and Gonzalez executed a general partnership agreement on October 1, 2000. According to DiCiano and defendants' counsel, DiCiano expressly authorized defendants' counsel to make the settlement offer on behalf of the partnership. Because DiCiano is a general partner in the partnership, the settlement agreement is binding on the partnership.

In California, general partners are jointly and severally liable for all debts and obligations of a partnership.[1]  Cal. Corp. Code § 16306; Kadota Fig Ass'n of Producers v. Case-Swayne

---

[1] There are certain specific exceptions to this rule, however, none are applicable here. See Cal Corp. Code § 16306(a)-(c).
    Because Diciano had authority to commit the partnership, it was not necessary for Gonzalez to expressly agree to the settlement. Nevertheless, as discussed in the preceding section, the court finds that Gonzalez did give his consent to the settlement.

3

Co., 73 Cal.App.2d 796, 801 (1941).  Therefore, Nies may collect the entire amount of the settlement agreement from DiCiano or Gonzalez individually, or he may apportion the award between them as he sees fit.

However, a partner who pays more than his proportional share of an award is generally entitled to contribution from the other partners.  Cal. Corp. Code § 16401; <u>Great Western Bank v. Kong</u>, 90 Cal.App.4th 28, 33 (2001).  The purpose of this rule is to ensure that all partners bear the partnership's burdens equally.  Several California statutes outline the process for compelling such contribution through the courts.  <u>See, e.g.</u>, Cal. Civ. Proc. Code §§ 881-883.  Therefore, although Nies is entitled to recover the entire award from either defendant, there is a well-established process in place to ensure that the debts of the partnership are spread equally between the partners.

C.   <u>Sanctions</u>

Nies requests an award of $3,000 in sanctions.  The court possesses the inherent authority to sanction a party or an attorney.  <u>Fink v. Gomez</u>, 239 F.3d 989 (9th Cir. 1999).  The purpose of awarding sanctions is to "make the prevailing party whole for the expenses caused by his opponent's obstinacy."  <u>Hutto v. Finney</u>, 437 U.S. 678, 690 n.14, 98 S.Ct. 2565 (1978).

Before granting a request for sanctions, the court must make a finding of "bad faith."  <u>Gomez v. Vernon</u>, 255 F.3d 1118, 1134 (9th Cir. 2001).  A party "shows bad faith by delaying or disrupting the litigation."  <u>Hutto v. Finney</u>, 437 U.S. 678, 690

4

n.14, 98 S.Ct. 2565 (1978).

The court finds that Gonzalez has acted in bad faith.  The record reveals that all parties were amenable to the settlement agreement when defendants' counsel made the offer to Nies.  However, after Nies accepted the offer, Gonzalez decided to withhold his consent.  Since then, he has refused to respond to Nies, Diciano, or his attorney.  His conduct forced Nies to file this action and incur $2,500 in additional attorney fees.[2]  Therefore, the court awards Nies $2,500 in sanctions to be paid by Gonzalez individually.[3]

### III.

For the reasons stated above, the court GRANTS the motion to enforce the settlement agreement and awards Nies $2,500 in sanctions payable by Gonzalez.  The Clerk shall enter judgment.

IT IS SO ORDERED.

Dated: 12/20/2005

_____
DAVID F. LEVI
United States District Judge

---

[2] Nies moved for $3,000 in attorney's fees.  However, $500 of this amount was for the anticipated expense of filing a reply to defendants' opposition.  Because defendants did not file an opposition, Nies did not incur this expense.

[3] The record does not support a finding that DiCiano acted in bad faith.

5